UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAIMOV KHAIM,

Plaintiff,

v.

KAROLINA ZERETSKY, MARVIN SILVER, JOY BARTSCHER, PEDRO BAHAMONE, DAN LARSON and JANET ZANDER,

Defendants.

Civil File No. 00-2403 (RHK/JGL)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) That application is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing

FILED NOV 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time") (emphasis added). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $34.04 and his average monthly balance during the same period was $93.13. Because the average monthly balance amount is greater than the average monthly deposit amount, Plaintiff's initial

partial filing fee will be twenty percent (20%) of the former amount; i.e., $18.63, ($93.13 x 20% = $18.63). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that even if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted.[1] Only if Plaintiff's pleading survives such screening will the Court grant IFP status, and order that summonses be issued and the Defendants be served by the U.S. Marshal. If the initial partial filing fee is not paid within thirty (30) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

---

[1] Although Plaintiff's complaint in this case has not yet been thoroughly examined, a cursory inspection of the file suggests that this action probably will not survive initial screening. It does not appear that Plaintiff's factual allegations can support a 42 U.S.C. § 1983 cause of action, and it does not appear that he has any other basis for bringing any action against the named Defendants in federal court. Plaintiff should seriously consider whether it is advisable for him to invest $150 (from his apparently limited assets) in an action that appears to be destined for summary dismissal.

Within thirty (30) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $18.63, failing which it will be recommended that the action be dismissed without prejudice.

Dated: November 2, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge