UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KHAIMOV KHAIM,

Plaintiff,

v.

KAROLINA ZERETSKY, MARVIN SILVER, JOY BARTSCHER, PEDRO BAHAMONE, DON LARSON, and JANET ZANDER,

Defendants.

Civil No. 00-2403 (RHK/JGL)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota, commenced this action by filing a complaint and an application seeking leave to proceed in forma pauperis, ("IFP"). Plaintiff's pleading and IFP application are now properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, it will be recommended that this action be summarily dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff's pleading consists of a standard form prisoner civil rights complaint, supplemented by a 20-page hand-written attachment. (Docket Nos. 1 and 2.) Although Plaintiff is a prisoner, his present lawsuit is based on events that presumably preceded his

[1] Plaintiff's IFP application was not accompanied by the initial partial filing fee mandated by 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by the Court's order of November 2, 2000. (Docket No. 4.) Plaintiff has now tendered part of his initial partial filing fee, (Docket No. 5), and he has submitted an untitled document, (Docket No. 6), in which he asks to be excused from making any further payments at this time. Thus, the matter is presently ripe for further review of Plaintiff's IFP application and his pleading.

FILED DEC 0 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

criminal conviction, and appear to be wholly unrelated to his incarceration. As far as the Court can tell, Plaintiff is attempting to bring three separate but related claims. First, he alleges that Defendants Karolina Zaretsky and Marvin Silver committed fraud against him during the course of certain business transactions. He further claims that Defendants Joy Bartscher and Pedro Bahamone, (both lawyers), conspired against him to deprive him of his legal recourse against Zaretsky and Silver. Finally, he claims that Defendants Janet Zander and Dan Larson, (both medical doctors), issued psychiatric reports that somehow interfered with his attempts to pursue his legal remedies against Zaretsky and Silver. Even though it appears that Plaintiff's business transactions with Zaretsky and Silver involved less that $25,000 dollars, (perhaps quite a bit less than that amount), Plaintiff is presently seeking a judgment in "excess of $636,000," plus interest, costs and disbursements.

## II. DISCUSSION

The Court finds Plaintiff's complaint to be fatally defective, on its face, because it includes no allegations showing the existence of federal subject matter jurisdiction. "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). That is why Fed. R. Civ. P. 8(a) requires that complaints in federal cases "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...." Furthermore, "[u]nlike personal jurisdiction, subject matter jurisdiction cannot be conferred by the parties by waiver or otherwise." Dale v. Weller, 956 F.2d 813, 815 (8th Cir. 1992). Therefore, Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

the action."

In this case, Plaintiff's complaint does not contain any statement showing the existence of federal subject matter jurisdiction. Furthermore, after carefully reviewing Plaintiff's pleading, the Court cannot independently identify any grounds for exercising subject matter jurisdiction in this action.

Plaintiff apparently would argue that federal subject matter jurisdiction exists under 28 U.S.C. § 1331 – the "federal question" statute.[2] However, there are no allegations in the complaint suggesting that Plaintiff's claims are based on any federal law. Plaintiff's factual allegations, if proven true, might support a tort claim, (presumably some form of fraud claim), or perhaps a breach of contract claim. However, those are purely state law causes of action.[3] No claim arising under federal law is presented in the complaint, and therefore jurisdiction cannot be based on § 1331.

The Court has not overlooked Plaintiff's references to 42 U.S.C. § 1983, which suggest that he is attempting to sue Defendants for some alleged violation of his federal constitutional rights. To maintain such a claim, however, Plaintiff would have to allege, (and ultimately prove), that Defendants violated his federal constitutional rights while they were acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (to state

---

[2] 28 U.S.C. § 1331 provides that "[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Whether the facts alleged in Plaintiff's complaint would actually support even a state common law cause of action is highly doubtful. The complaint is so poorly drafted and so confusing that it probably would be difficult even for a state court to find an actionable claim.

an actionable § 1983 claim, plaintiff must allege that defendant violated his constitutional rights while acting under color of state law). In this case, there are no factual allegations suggesting that any of the named Defendants was ever acting under color of state law. To the contrary, the complaint clearly suggests that all of the Defendants are private (not governmental) parties, who were acting in their personal capacities.[4]

Furthermore, the complaint does not allege any facts suggesting that any of the named Defendants violated Plaintiff's federal constitutional rights. As noted above, if Plaintiff has any claim against any of the Defendants, it would have to be a common law tort or breach of contract claim. Because Plaintiff's pleading does not show any identifiable violation of his federal constitutional rights, he has no basis for bringing suit under § 1983.

## III. CONCLUSION

In sum, the Court can find no grounds that would allow the Minnesota District Court to exercise subject matter jurisdiction in this case.[5] It is therefore recommended that the

---

[4] Plaintiff cannot contend that the attorney defendants were state actors merely because they may have acted in the context of state court legal proceedings. It is well-settled that private attorneys cannot be considered government actors merely because they practice law in government-operated courts. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).

[5] Although Plaintiff appears to be relying solely on § 1331, (the "federal question" statue), to provide federal subject matter jurisdiction in this case, the Court has considered whether jurisdiction could be exercised under 28 U.S.C. § 1332, (the "diversity" statute). Jurisdiction cannot be conferred under the diversity statute, because there are no allegations suggesting that Plaintiff and Defendants reside in different states. To the contrary, it clearly appears that Plaintiff resides in Minnesota, and that most of the Defendants (if not all of them) also reside in Minnesota. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (section 1332(a) applies only when none of the defendants is from the

action be dismissed, sua sponte, pursuant to Fed. R. Civ. P. 12(h)(3). It is further recommended, however, that the action be dismissed without prejudice, so that Plaintiff can pursue his claims in a more proper forum, (presumably a Minnesota state court).

Because Plaintiff has failed to state a claim that can be entertained in federal court, his IFP applications, (Docket Nos. 3 and 7), must be denied. See 28 U.S.C. § 1915(e)(2)(B). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the full amount of the statutory filing fee pursuant to 28 U.S.C. § 1915(b).[6]

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint, (Docket Nos. 1 and 2), be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2. Plaintiff's "Applications to Proceed Without Prepayment of Fees," (Docket Nos. 3 and 7), be **DENIED**;

---

plaintiff's home state).

[6] Under the Prison Litigation Reform Act of 1995, ("PLRA") prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

3. Plaintiff be required to pay the unpaid balance of the Court fil ng fee in accordance with 28 U.S.C. § 1915(b)(2); and

4. This action be **DISMISSED WITHOUT PREJUDICE.**

Dated: December 4, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 22, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.