**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KHAIMOV KHAIM,

Plaintiff-Appellant,

v.

KAROLINA ZERETSKY, MARVIN SILVER, JOY BARTSCHER, PEDRO BAHAMONE, DAN LARSON and JANET ZANDER,

Defendant-Respondents.

---

Civil No. 00-2403 (RHK/JGL)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 17.) For the reasons discussed below, the Court concludes that (a) pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff should be required to pay an initial partial filing fee in the amount of $5.08, and (b) Plaintiff's IFP application should be denied.

Plaintiff is a prisoner of the State of Minnesota who is currently incarcerated at the Minnesota Correctional Facility, Stillwater, Minnesota. His IFP application is therefore governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or

FILED MAR 09 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, the certified financial statement included in Plaintiff's IFP application shows that the average monthly deposit to his prison trust account during the past five months[1] has been $25.38, which is greater than the average monthly balance of $15.98 during the same period.

---

[1] Although § 1915(a)(2) requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an appeal, it appears that Plaintiff in this case made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined, (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore be determined based on the limited financial information provided with his IFP application.

Therefore, Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $5.08, ($25.38 x 20% = $5.08). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris.[2] The remaining balance of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

The Court further finds, however, that even though Plaintiff is financially eligible for IFP status, and even though he will be required to pay the appellate filing fee in the manner prescribed by § 1915(b), his IFP application still must be denied, because his appeal is not taken in good faith. The magistrate judge to whom this case was assigned recommended that Plaintiff's complaint be dismissed because it did not include any grounds that would bring this case within the subject matter jurisdiction of a federal district court. (Report and Recommendation ["R&R"] dated December 4, 2000; [Docket No. 8].) Nothing in Plaintiff's objections to the R&R, (Docket No. 10), or in his submission entitled "Appeal," (Docket No. 14), raises any questions or concerns about the correctness of the Magistrate Judge's determination. While Plaintiff may believe in his own mind that he has some viable claim, the Court concludes that, from an objective perspective, he has offered no grounds for bringing any such claim into federal court.

Because Plaintiff has not shown any arguable basis in law or in fact that would give a federal court subject matter jurisdiction in this case, the Court certifies that Plaintiff's appeal is not taken in good faith. It follows that Plaintiff's application seeking leave to proceed in forma pauperis on appeal must be denied.

---

[2] The certified financial statement furnished as part of Plaintiff's IFP application shows a current balance in his prisoner trust account of $9.20, so the Court finds that he should be able to pay an initial partial filing fee of $5.08.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $5.08; and

(2) Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 17), is DENIED.

Dated: March 9, 2001

RICHARD H. KYLE
United States District Court Judge